**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARTIN CHOC CHOJOC,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-7914 (MCA)**<br><br>**ORDER** |

This matter comes before the Court on a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion for a Temporary Restraining Order ("TRO Motion") in which Petitioner challenges his mandatory detention without bond by immigration authorities and seeks immediate release from detention. (ECF Nos. 1, 3.) According to the Petition, Petitioner is a citizen and native of Guatemala who originally entered the United States in approximately 2007; in 2017, he was placed in removal proceedings, was granted voluntary departure, and departed in accordance with the requirements imposed by the immigration judge. (ECF No. 1, Petition at ¶ 19; *see also* Exh. A (EOIR Automated Case Information Printout).) Petitioner further alleges that he reentered the United States without inspection in 2022, and was arrested by Immigration and Customs Enforcement ("ICE") on June 16, 2026. (*Id.* at ¶¶ 21-22.) The Petition challenges Petitioner's mandatory detention without bond, purportedly under 8 U.S.C. § 1225(b), and contends that he is entitled to release (or a bond hearing) under 8 U.S.C. § 1226(a).

The Court declines to dismiss the Petition prior to Respondent's filing of the Answer and the relevant record; however, the Court denies the TRO Motion (ECF No. 3) because Petitioner has not shown a likelihood of success on the merits of his claim that he is unlawfully detained

under § 1225(b) and is entitled to release or a bond hearing under § 1226(a)—statutory provisions that apply to noncitizens who do not have final orders of removal. Petitioner asserts without sufficient explanation that he is not subject to a removal order because he accepted voluntary departure. (*Id.* at ¶ 58.) Under 8 C.F.R. § 1240.26(d), when the immigration court grants voluntary departure, it also enters an alternative removal order. Under 8 U.S.C. § 1231(a)(5), if a noncitizen "has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date . . . , and the [noncitizen] shall be removed under the prior order at any time after the reentry." (Emphasis supplied). Therefore, under the relevant statutory and regulatory scheme, it appears that Petitioner is subject to detention under § 1231(a)(5).

**IT IS**, on this 20th day of July 2026;

**ORDERED** that the Clerk of the Court shall serve a copy of the Petition and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

**ORDERED** that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), this Court has examined the Petition and determined that dismissal of the Petition prior to submission of an answer and the record is not warranted; and it is further

**ORDERED** that the Clerk of the Court shall forward a copy of the Petition and this Order to Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov; and it is further

**ORDERED** Respondents shall electronically file a full and complete answer to said Petition, which responds to the factual and legal allegations of the Petition, within 7 days; and it is further

**ORDERED** that the answer shall state the statutory authority for Petitioner's detention, *see* 28 U.S.C. § 2243, and provide the relevant legal analysis and record evidence supporting the asserted statutory basis for detention; and it is further

**ORDERED** that Respondents shall raise in the answer any appropriate defenses and relevant legal arguments with citations to appropriate legal authority; and it is further

**ORDERED** that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; it is further

**ORDERED** that Petitioner may file and serve a reply in support of the Petition within 7 days after the answer is filed; and it is further

**ORDERED** that the Motion for a TRO at ECF No. 3, which seeks immediate release, is denied for the reasons stated in this Order.

***s/ Madeline Cox Arleo***
**MADELINE COX ARLEO**
**United States District Judge**